The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on September 7, 2012, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: September 7, 2012**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Chapter 7 Proceedings |
| KIRK ALBERT STRODTBECK and LESLIE ANN STRODTBECK, Debtors. | Case No. 11-10617 |
| KIRK ALBERT STRODTBECK and LESLIE ANN STRODTBECK, Plaintiffs, | Judge Arthur I. Harris<br><br>Adversary Proceeding No. 11-1153 |
| v. | |
| LAWRENCE RADKE and NAOMA RADKE, Defendants. | |

MEMORANDUM OF OPINION[1]

This case is currently before the court on various motions for summary judgment stemming from the debtors' claim that Naoma Radke's judgment lien

---

[1] This opinion is not intended for official publication.

impairs the debtors' homestead and wildcard exemptions.  At issue is the validity of a first mortgage – in particular, the effect of a default judgment entered postpetition against the first mortgage holder by a state court which determined, in the context of Radke's state foreclosure action, that the first mortgage holder has no interest in the debtors' residence.  The parties apparently do not dispute that the first mortgage, if valid, exceeds the value of the debtors' residence.  The debtors and the holder of the first mortgage, Fannie Mae, argue that the judgment lien can be avoided under section 522(f) of the Bankruptcy Code because the first mortgage is valid.  Meanwhile, Radke and the trustee argue that the judgment lien cannot be avoided under section 522(f) because the first mortgage is no longer valid or can be avoided by the trustee.  For the reasons that follow, the Court believes that the postpetition default judgment against the first mortgage holder does not affect the debtors' ability to avoid Radke's judgment lien under section 522.  Nevertheless, the debtors' failure to file their own motion for summary judgment puts this matter in an awkward procedural posture. Accordingly, the Court will indicate its tentative decision and will defer ruling on the pending motions for summary judgment until all parties have had an opportunity for additional briefing consistent with the recently-amended procedures for granting judgment independent of existing motions for summary judgment under Rule 56.

JURISDICTION

The Court has jurisdiction over this action. A claim to determine the dischargeability of a particular debt is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and 1334, which falls within the jurisdiction granted to this Court pursuant to Local General Order No. 84, dated July 16, 1984, and Local General Order No. 2012-7, dated April 4, 2012.

FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise noted, the following facts are undisputed. In 2007, Kirk and Leslie Strodtbeck ("Strodtbecks" or "debtors") purchased a home located at 35821 Riegelsberger Road in Avon, Ohio, for $450,000 from Naoma and Lawrence Radke ("the Radkes"). In order to purchase the home, the Strodtbecks executed a note for $350,000 and mortgage in favor of JPMorgan Chase Bank, N.A. ("Chase"). The Strodtbecks also executed a cognovit note in favor of the Radkes for $100,000. After the Strodtbecks defaulted on the terms of the cognovit note, the Radkes filed for and obtained a judgment against the Strodtbecks in state court. After obtaining a judgment lien, the Radkes commenced a foreclosure action in the Lorain County Court of Common Pleas on September 24, 2010. (Case no. 10CV169298). Lawrence Radke died on January 24, 2011.

On January 26, 2011, the Strodtbecks filed a chapter 7 bankruptcy case in

the U.S. Bankruptcy Court for the Northern District of Ohio (Case no. 11-10617). At the time of the bankruptcy filing, the state foreclosure case was pending without any judgment having been entered. At some point in time, Chase endorsed the note to Federal National Mortgage Association ("Fannie Mae"), and on March 21, 2011, Fannie Mae recorded the assignment of the mortgage from Chase. On May 17, 2011, Naoma Radke moved for relief from stay and abandonment. On July 12, 2011, the Court granted relief from stay but not abandonment.

On July 20, 2011, Radke moved to reactivate the state foreclosure case, despite the 14-day stay under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure of the order granting relief from stay. On July 22, 2011, the state court granted the motion to reactive the foreclosure case. On August 26, 2011, the state court denied Chase's motion for leave to file an answer and granted Radke's motion for default judgment against Chase. On October 5, 2012, the state court determined that, as a result of Chase's default, Chase was "forever barred from asserting any right, title, claim or interest in the Premises." Judgment Entry (Oct. 5, 2011). Although the state court judgment provided for the foreclosure of the property, no sale has been scheduled.

Meanwhile, on July 12, 2011, the Strodtbecks commenced this adversary

4

proceeding against Radke, seeking to avoid Radke's judgment lien under 11 U.S.C. § 522(f) as impairing the Strodtbecks' homestead and wildcard exemptions.  On October 19, 2011, the Strodtbecks filed an amended complaint adding as defendants Chase, Fannie Mae, and the chapter 7 trustee, Steven Davis.  On November 17, 2011, the chapter 7 trustee filed an answer as well as a counterclaim and crossclaim.  The trustee's counterclaim and crossclaim seek a determination of the interests of the parties in the real property at issue, as well as the avoidance of Chase's and Fannie Mae's interests in the real property based on the state court default judgment entered against Chase.

According to the Strodtbecks' Schedule D, as of the petition date, the real property at issue is valued at $227,500, with $350,000 owed to the first mortgage holder.  (Docket #1 in Case no. 11-10617 at 17 of 55). According to Radke's motion for relief from stay, the real property at issue is valued at $228,000 (Docket #34 in Case no. 11-10617 at 17 of 19).  According to Fannie Mae, the real property at issue is valued at $175,500, with a total due as of January 1, 2011, in excess of $360,000 (Docket #67 in Case no. 11-10617).  It therefore appears that if the first mortgage is valid, there is no equity to support Radke's judgment lien.

Radke has moved for summary judgment on the Strodtbecks' claim seeking to avoid Radke's judgment lien under 11 U.S.C. § 522(f).  The chapter 7 trustee

5

has also moved for summary judgment, incorporating Radke's motion. Although the trustee's motion does not indicate the claim or claims upon which the trustee is seeking summary judgment, presumably his motion is only addressing the Strodtbecks' claim seeking to avoid Radke's judgment lien under 11 U.S.C. § 522(f) and not the trustee's separate counterclaim and crossclaim. In addition, Fannie Mae has moved for summary judgment in its favor as to all claims. Fannie Mae's motion also asserts that the Strodtbecks are entitled to summary judgment on their claim seeking to avoid Radke's judgment lien under 11 U.S.C. § 522(f). The Strodtbecks, however, have not moved for summary judgment on their claim seeking to avoid Radke's judgment lien under 11 U.S.C. § 522(f). The adversary proceeding is currently set for a bench trial on October 18, 2012.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 was amended in 2010; however, "[t]he commentary to Rule 56 cautions that the 2010 amendments were not intended to
6

effect a substantive change in the summary-judgment standard." *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012) (citation omitted). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (citation and internal quotation marks omitted).

## DISCUSSION

The key issue in this case is the effect of the state court's default judgment against Chase. If the effect of the default judgment is the avoidance of Chase's security interest, or the ability to avoid Chase's security interest, then the debtors would be unable to avoid Radke's judgment lien. On the other hand, if the state court's default judgment against Chase does not affect this Court's analysis under 11 U.S.C. § 522(f), then the debtors would be able to avoid Radke's judgment lien in its entirety. As explained more fully below, the Court believes that the state court's default judgment against Chase does not affect this Court's analysis under

7

11 U.S.C. § 522(f) for at least two reasons: (1) the default judgment has no issue preclusive effect under Ohio law, and (2) the analysis for lien avoidance under 11 U.S.C. § 522(f) is determined as of the petition date – *i.e.*, before the state court entered a default judgment against Chase.

## ISSUE PRECLUSION

In her motion for summary judgment, Radke contends that this Court is bound by the state court's determination that Chase was "forever barred from asserting any right, title, claim or interest in the Premises." Whether this Court must follow that determination in the context of the debtors' claim seeking to avoid Radke's judgment lien under 11 U.S.C. § 522(f) depends on the issue preclusive effect, if any, of the state court judgment against Chase.

Issue preclusion, sometimes referred to as collateral estoppel, prevents the same parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit. *See In re Fordu*, 201 F.3d 693, 704 (6th Cir. 1999). Under the full faith and credit principles of 28 U.S.C. § 1738, state law, not federal common law, governs the preclusive effect of a state court judgment. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 374 (1985). A bankruptcy court must give the same issue preclusive effect to a state court judgment as the judgment would be given under that state's law.

8

*See* 470 U.S. at 374. Accordingly, the Court will apply Ohio's law on issue preclusion to the Ohio court's judgment against Chase. *See Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315 (6th Cir. 1997) (applying California law to a California court's default judgment).

> Under Ohio law, the doctrine of issue preclusion,
>
> applies when a fact or issue '(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action.'

*In re Fordu,* 201 F.3d at 704 (quoting *Thompson v. Wing*, 70 Ohio St. 3d 176, 183, 637 N.E.2d 917, 923 (1994)); *accord In re Sweeney*, 276 B.R. 186 (B.A.P. 6th Cir. 2002) (applying "actually and directly litigated" element of Ohio issue preclusion law); *In re Rebarchek*, 293 B.R. 400, 405 (Bankr. N.D. Ohio 2002) (same).

In this case, the critical question is whether an issue can be considered "actually and directly litigated" in a prior suit when the judgment was entered on the basis of the party's default. Ohio case law on the preclusive effect of such a default judgment is sparse. In *In re Sweeney*, the Bankruptcy Appellate Panel for the Sixth Circuit reviewed the handful of Ohio cases on the subject and concluded that while a default judgment may have preclusive effect in Ohio "as to an issue that was the subject of an 'express adjudication,' . . . an unanswered complaint and

9

the default judgment based on it do not, by themselves, constitute an express adjudication." 276 B.R. at 193.

Recent decisions by the Ohio Supreme Court have either favorably cited or expressly adopted the Restatement's rules on issue and claim preclusion. *See State ex rel. Davis v. Pub. Emps. Ret. Bd.*, 120 Ohio St. 3d 386, 393 (2008) (quoting favorably from RESTATEMENT (SECOND) OF JUDGMENTS § 27, Comment e (1982), and holding that issue which was essentially stipulated to in prior case was not "actually litigated"); *State v. Williams*, 76 Ohio St. 3d 290, 295 (1996) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1980)); *Grava v. Parkman Township*, 73 Ohio St. 3d, 379, 382 (1995) (adopting RESTATEMENT (SECOND) OF JUDGMENTS §§ 24-25 (1982)). Therefore, the Court believes that, were the Ohio Supreme Court to pass directly on the question, it would adopt the Restatement's view that a default judgment generally does not have issue preclusive effect. Section 27 of the Restatement (Second) of Judgments states:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Comment e of section 27 states: "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of

this Section does not apply with respect to any issue in a subsequent action." *Cf. Fleet Consumer Disc. Co. v. Graves (In re Graves)*, 33 F.3d 242 (3d Cir. 1994) (concluding that Pennsylvania courts would follow comment e of Restatement § 27 and not give issue preclusive effect to a default judgment); *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981) ("If the important issues were not actually litigated in the prior proceeding, as is the case with a default judgment, then collateral estoppel does not bar relitigation in the bankruptcy court." (applying federal common law pre-*Marrese*)). Issues may be *pleaded* in a default judgment, but they are never actually litigated so long as the court can base its judgment upon the defendant's default.

In the present case, there is no indication that the validity of Chase's mortgage was "actually litigated" and is thus entitled to issue preclusive effect. Indeed, other than Chase's default in answer, there is no indication whatsoever as to why Chase's first mortgage interest should be invalidated. Therefore, the Court holds that the default judgment against Chase does not preclude litigation of the issue of Chase's security interest in the context of determining whether the debtors can avoid Radke's judgment lien under 11 U.S.C. § 522(f).

## JUDICIAL LIEN AVOIDANCE

For purposes of judicial lien avoidance, " 'value' means fair market value as

11

of the date of the filing of the petition." 11 U.S.C. § 522(a)(2). *See also In re Thigpen*, 374 B.R. 374, 376 (Bankr. S.D. Ga. 2007) (collecting cases). "The extent to which a claim is properly secured in a chapter 7 case is determined as of the petition date." *In re Cumberland Molded Products, LLC*, 431 B.R. 718, 723 (B.A.P. 6th Cir. 2010). As of the petition date, there was no state court default judgment against Chase. A state court default judgment entered postpetition therefore does not alter the value of a lien as of the petition date, – *i.e.*, the time for determining judicial lien avoidance under 11 U.S.C. § 522(f).

The debtors seeks to avoid Radke's judgment lien under 11 U.S.C. § 522(f), which provides in relevant part:

> (1) . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
>     (A) a judicial lien . . .
> (2) (A) For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
>     (i) the lien;
>     (ii) all other liens on the property; and
>     (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

In *Brinley v. LPP Mortgage, LTD.*, 403 F.3d 415 (6th Cir. 2005), the Sixth Circuit explained the process to determine the extent that a judicial lien can be avoided

12

pursuant to 11 U.S.C. § 522(f)(2). First, a court must establish the value of the property and the extent of the debtor's ownership. *See Brinley*, 403 F.3d at 420. Second, the court adds together all of the liens on the property and the debtor's exemption, and then subtracts the value of the property. *See Brinley*, 403 F.3d at 421. The court then subtracts this value from the creditor's judicial lien. If the number is positive, the creditor's lien survives to that amount. If the number is either zero or negative, the creditor's judicial lien is avoided in its entirety. *See Brinley*, 403 F.3d at 421.

In this case, using figures most favorable to Radke, the calculation for the real property at issue is:

```
    $100,000.00 (Radke's judgment lien)
    $350,000.00 (first mortgage)
+    $43,253.00 (debtor's exemptions)
    $493,253.00 (sum of liens and the debtors' exemption)
–  $228,000.00 (debtor's interest in the property absent any liens)
    $265,253.00 (extent to which lien impairs debtors' exemption)
```

In the present case, it is undisputed that, but for the default judgment against Chase, Fannie Mae would hold a valid security interest in the debtors' residence that exceeds the value of the debtors' real property. Therefore, under section 522(f) and *Brinley*, if the first mortgage is valid and cannot be avoided,

13

the debtors would be entitled to summary judgment on their claim seeking to avoid the Radkes' judgment lien under 11 U.S.C. § 522(f).

Although the tentative result in this case may seem odd, it is important to note that this Court does not stand in review of the state court judgment. While it is true that this Court's own judgment, if entered against Radke, would preclude Radke from proceeding with her state court foreclosure, this result is simply a consequence of the statutory authority granted bankruptcy courts under the Bankruptcy Code to avoid judgment liens that impair debtors' exemptions, with the determination being made as of the petition date.

As noted earlier, the debtors' failure to file their own motion for summary judgment puts this matter in an awkward procedural posture. While the Court believes that the debtors would be entitled to summary judgment on their claim seeking to avoid Radke's judgment lien under 11 U.S.C. § 522(f), such a motion is not pending before the Court. Under the recently-amended procedures for granting judgment independent of existing motions for summary judgment under Rule 56(f), made applicable to this proceeding under Bankruptcy Rule 7056, the Court may grant summary judgment for a nonmovant only after giving notice and a reasonable time to respond. Accordingly, the Court has indicated its tentative decision to grant summary judgment in favor of the debtors on their claim

seeking to avoid Radke's judgment lien under 11 U.S.C. § 522(f). The Court will defer ruling on the pending motions for summary judgment until all parties have had an opportunity for additional briefing consistent with recently-amended Rule 56(f).

CONCLUSION

For the foregoing reasons, the Court believes that the postpetition default judgment against the first mortgage holder does not affect the debtors' ability to avoid Radke's judgment lien under section 522. Nevertheless, the debtors' failure to file their own motion for summary judgment puts this matter in an awkward procedural posture. Accordingly, the Court has indicated its tentative decision and will defer ruling on the pending motions for summary judgment until all parties have had an opportunity for additional briefing consistent with the recently-amended procedures for granting judgment independent of existing motions for summary judgment under Rule 56.

IT IS SO ORDERED.